UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GREGORY LYNN SUMMERS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-06-3362 |
| | § | |
| JAMES EDISON, *et al*, | § | |
| | § | |
| Defendant. | § | |

## ORDER OF DISMISSAL

Texas plans to execute Gregory Lynn Summers ("Summers") tonight. Summers received a capital conviction and death sentence in 1991 for his role in a murder-for-hire scheme to kill three people, including his own stepfather. Summers has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, complaining that Texas has suppressed evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Summers sues the Taylor County District Attorney, the Denton County Criminal District Attorney, officers of the Texas Department of Criminal Justice, and the presiding officer of the Texas Board of Pardons and Paroles. Summers argues that material evidence exists that would question the integrity of his conviction and sentence, particularly involving an agreement reached between the State and a witness. Summers explains that he seeks relief in federal court because the state courts have not yet ruled on his successive habeas proceedings. The defendants have not yet filed a response.

This Court must determine whether 42 U.S.C. § 1983 is the appropriate vehicle for Summers' *Brady* claim. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). "[W]hen a state prisoner is

challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.* at 500; *see Heck v. Humphrey*, 512 U.S. 477, 481-82 (1994).

To state a civil rights claim concerning an allegedly "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486-87.  A claim that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983.  Id.  Therefore, if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  *Id.* The ruling in *Heck* applies to claims for monetary damages and claims for injunctive relief that imply the invalidity of the conviction.  *See Kutzner v. Montgomery County*, 303 F.3d 339, 340-41 (5th Cir. 2002).

Summers complaint under 42 U.S.C. § 1983 is only a preliminary step in his efforts to undermine the validity of his conviction and sentence.  Summers alleges that the suppression has "caused, and continues to cause, substantial interference with fair and full adjudication of [his] habeas claims" and his ability to avail himself of the clemency process.  (Docket Entry No. 1 at 15-16).  Summers' claim that his conviction was tainted by the suppression, destruction, or alteration of material evidence would, if true, necessarily imply the invalidity of his subsequent

conviction and sentence. Summers simply "is trying to use a § 1983 action as a discovery device to overturn his state conviction." *Harvey v. Horan*, 278 F.3d 370, 378 (4th Cir. 2002). Under these circumstances, Summers' challenge is barred by *Heck* unless he proves that his conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question. Because Summers has not made such a showing, this claim is "legally frivolous." *See Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996). Therefore, his claim is not cognizable under 42 U.S.C. § 1983, and his sole federal remedy is a writ of habeas corpus.

Summers has already once availed himself of federal habeas review. The Anti-Terrorism and Effect Death Penalty Act ("AEDPA") prevents this Court from considering the merits of any successive habeas petition without prior authorization from the Fifth Circuit. 28 U.S.C. § 2244(b)(3)(A); *Felker v. Turpin*, 518 U.S. 651, 664 (1996) ("The Act requires a habeas petitioner to obtain leave from the court of appeals before filing a second habeas petition in the district court."). "Indeed, the purpose and intent of [28 U.S.C. § 2244(b)(3)(A)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). This Court is without jurisdiction to consider a successive petition at this late date. *See Key*, 205 F.3d at 774 ("Accordingly, § 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the circuit court] has granted the petitioner permission to file one."). As this Court lacks jurisdiction to consider a successive habeas petition, it likewise lacks jurisdiction to stay Summers' execution. *See Kutzner v. Cockrell*, 303 F.3d 333, 338 (5th Cir.), *cert. denied*, 536 U.S. 978 (2002); *Martinez v. Texas Court of Criminal Appeals*, 292 F.3d 417, 423 (5th Cir.), *cert. denied*, 535 U.S. 1091 (2002).

Federal law prevents this Court from affording Summers any relief at this late date. Accordingly, this court *sua sponte* **DISMISSES** his complaint **WITH PREJUDICE**. Summers' motion to proceed *in forma pauperis* is **GRANTED**. This Court also **GRANTS** his attorney's motion to proceed *pro hac vice* .

SIGNED this 25th day of October, 2006.

_____
Melinda Harmon
United States District Judge